UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**JERRY DAVID LOTZ**                                                                                    **PLAINTIFF**

v.                                                                          **CIVIL ACTION NO. 4:12CV-P131-M**

**JAMIE BUCK** *et al.*                                                                               **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Jerry David Lotz's *pro se* complaint pursuant to 28 U.S.C. § 1915A.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the complaint will be dismissed.

**I.**

Plaintiff was a convicted inmate incarcerated in the Daviess County Detention Center (DCDC) when he filed the complaint.  He has since been transferred to the Fulton County Detention Center.  He brings suit against two DCDC deputies, Jamie Buck and Joey Stone, in their individual and official capacities, and he seeks damages as relief.

In the complaint, Plaintiff alleges that on September 22, 2012, while performing his job as a "work-aide," he slipped and "fell hard on my back and my head hit the white tile floor."  He said that there were no wet floor caution signs.  Plaintiff states that Deputy Buck witnessed the fall and asked whether Plaintiff was alright.  "I . . . stated No! 'Deputy Buck' said, shake it off! bet you'll be sore tomorrow.  I . . . struggled to get up off the wet tile Floor in pain with no offer of any Deputy or medical staffs help."  Plaintiff states that he heard deputies in the booking area talking after his fall.  "Deputy Stone said Lotz fell, laughing said Deputy Stone like Inmate Lotz steped on marbles."  Plaintiff reports that he was "put up to secure the floor as a change of shift.

Deputies secure floor at 10:20 pm thru 10:30 pm." He claims that he is still "in very Bad Back pain, 45 day after fall of 9-22-2012-claim."

Plaintiff claims a "Violation of Life and Liberty, 5 & 8 const. Safety on Deputy Buck not putting wet floor caution signs up and not offering Emergency medical trip." He also claims that Deputy Stone offered no emergency medical trip. He states that he "fell on a waxed white tile floor with Ice and water that was a common area that was un-safe" and that Deputy Buck was "Negligent of Inmate Lotz no wet floor caution signs [and] . . . Negligent of Emergency medical trip." Plaintiff asserts, "All Deputies are Deputized to safety of Inmates, Derelict of Deputies and supervisor Total Negligent of safety of Inmate Lotz night of fall 9-22-2012. Medical Neglect as defined in KRS - 441.045 - section #10."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

### A.  *42 U.S.C. § 1983*

#### *1.  Official-capacity claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff's official-capacity claims against Defendants Buck and Stone, therefore, are actually against Daviess County.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).  To demonstrate

municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, none of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Daviess County. Rather, Plaintiff's complaint appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. For these reasons, the official-capacity claims against Defendants must be dismissed.

### *2. Individual-capacity claims*

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

"Federal courts have consistently held that slippery prison floors and icy walkways do not give rise to a constitutional violation." *Chamberlain v. Nielsen*, No. 2:10-CV-10676, 2010 WL 1002666, at *2 (E.D. Mich. Mar. 18, 2010) (listing cases); *see also White v. Tyszkiewicz*, 27

F. App'x 314, 315 (6th Cir. 2001) ("[Prisoner's] complaint [that he slipped and fell on ice] at most alleged that the defendants were negligent in their duty to protect him from such hazardous conditions, which is insufficient to state a claim under the Eighth Amendment."); *Swartz v. Hurt*, No. 91-3756, 1992 WL 21557, at *1 (6th Cir. Feb. 10, 1992) (concluding prisoner failed to state a claim for deliberate indifference based upon slip and fall injury arising from wet floor even though defendants knew about leaky heater); *Willix v. Monroe Cnty. Jail Admin.*, No. 2:11–CV–10937, 2011 WL 899662, at *2 (E.D. Mich. Mar. 15, 2011) (finding inmate's claim that he slipped and fell in a pool of water at jail "alleges at worst that the defendant's employees were negligent in failing to protect plaintiff from such hazardous conditions, and thus does not state a claim for relief under § 1983").

Here, Plaintiff alleges, at most, negligence, which is not actionable under § 1983. *See, e.g.*, *Lewellen v. Metropolitan Gov't of Nashville and Davidson*, 34 F.3d 345, 351 (6th Cir. 1994) ("Gross negligence is not actionable under § 1983, because it is not 'arbitrary in the constitutional sense.'") (citation omitted). The Court, therefore, concludes that Plaintiff has failed to state an Eighth Amendment claim upon which relief may be granted.

As to Plaintiff's claim that Defendants Buck and Stone offered no emergency medical trip, he also fails to demonstrate an Eighth Amendment violation. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. at 835 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002). To rise to the level of an

Eighth Amendment violation, a prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837-38.

Plaintiff alleges that he told Deputy Buck "No!" that he was not alright and that he "struggled to get up off the wet tile floor in pain with no offer of any Deputy or medical staffs help." Plaintiff does not allege, however, that he told Deputy Buck about his pain or what, if any, injury he purportedly sustained during his fall. He does not allege any bleeding or other possible signs of an obvious need for immediate treatment. Plaintiff also fails to show that Defendants were deliberately indifferent to the situation as Plaintiff does not allege that he asked for help, and in the complaint, he also alleges that Defendants were "Negligent of Emergency medical trip." Consequently, the Court concludes that Plaintiff has failed to state a cognizable Eighth Amendment claim and alleges, at most, negligence.

### B. *State-law claims*

Plaintiff also alleges violations of state law. Because Plaintiff's federal § 1983 claims are subject to dismissal, the Court declines to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction).

For all the reasons set forth above, the Court will enter a separate Order dismissing this action.

Date: April 23, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Daviess County Attorney
4414.005